NION STATE BANK v. GEORGE E. HUTTON.

FILED OCTOBER 16, 1901.   No. 10,030.

1. **Verdict: INSTRUCTIONS.** The jury are bound to give their verdict in obedience to the instructions of the court.

2. **Instructions: MOTION FOR NEW TRIAL: ASSIGNMENT OF ERROR: LAW OF THE CASE.** An instruction which is neither complained of in the motion for a new trial, nor assigned for error in this court, is the law of the case.

3. **Estoppel: IGNORANCE OF BENEFICIARY.** In order to estop a party by mere silence, it must appear that the person claiming the benefit of the estoppel was ignorant of the rights of the party against whom the estoppel is alleged.

ERROR from the district court for Clay county. Tried below before HASTINGS, J. *Affirmed.*

*Thomas H. Matters,* for plaintiff in error.

*John C. Stevens, contra.*

SULLIVAN, J.

George E. Hutton, who was plaintiff below, alleged in his petition that he was the owner of a bay mare which the defendant, the Union State Bank, unlawfully seized and converted to its own use. The answer was a general denial coupled with a plea of estoppel by conduct amounting to an actual or constructive fraud. The jury found in favor of the plaintiff for the sum of $22.36, and judgment was rendered on the verdict. In the fourth instruction the court said to the jury that if George E. Hutton was the owner of the mare at the time she was taken from his possession by the agents of the bank, their verdict should be for the plaintiff. Of this instruction no complaint was made in the motion for a new trial; and it is not assigned for error here. Under these circumstances we have no authority to review it. Whether right or wrong, it is the law of the case and the jury were bound to render their verdict in obedience to it. *Aultman v. Reams,* 9 Nebr..

487; *Omaha & R. V. R. Co. v. Hall,* 33 Nebr., 229; *World Mutual Benefit Ass'n v. Worthing,* 59 Nebr., 587. The evidence warranted the jury in finding that the plaintiff was in fact the owner of the mare. The verdict can not, therefore, be condemned while the instruction under which it was given stands unchallenged.

There is another reason why the judgment should be affirmed. On the question of estoppel the defendant had the burden of proof. It was required to show, among other things, that it altered its position—that it lost some advantage, incurred expense, paid out money, parted with property, assumed an obligation or did, or failed to do, some other act or thing by which it was prejudiced—in reliance upon plaintiff's conduct and in ignorance of his rights. *Burke v. Utah Nat. Bank,* 47 Nebr., 247; *State v. Bank of Commerce,* 61 Nebr., 22; *Lingonner v. Ambler,* 44 Nebr., 316; 11 Am. & Eng. Ency. Law [2d ed.], 436. It was shown conclusively at the trial that before the bank sold the mare it was informed of Hutton's claim of ownership. When it obtained this information does not appear, but we find nothing in the record upon which to ground an inference that it was obtained after, rather than before, the right to plead an estoppel had arisen. The judgment is

AFFIRMED.