COMMERCIAL INVESTMENT CORPORATION, APPELLEE, V. FARMERS STATE BANK OF BRUNSWICK, APPELLANT.

FILED JUNE 17, 1929. No. 26639.

*C. M. Skiles, I. D. Beynon, Boyd & Harris* and *Lyle E. Jackson*, for appellant.

*Williams & Kryger* and *Burgess & Gill*, contra.

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

The Farmers State Bank of Brunswick, appellant, bought a $7,000 mortgage upon the representation that the property covered by the same consisted of nearly 300 acres of good tillable land, when, as a matter of fact, the Missouri river had swallowed all but about 10 acres of it. The bank gave in exchange $1,000 in cash, some uncollectible paper which it had, and the $3,000 certificate of deposit sued upon in this case.

Suit was brought by the Commercial Investment Corporation, appellee, which claimed to own said certificate by purchase from the payee, an automobile concern styled the King of Trails Garage. The bank answered alleging the fraud described. Trial was to the court without jury, and from a finding and judgment in favor of the plaintiff the defendant appeals.

One of appellant's assignments of error is that plaintiff failed to prove the indorsement on the certificate of deposit. The following excerpt from the bill of exceptions comprises the whole of plaintiff's proof: "The plaintiff offered in evidence the instrument identified by the reporter as 'Ex. 1,' which was received. Whereupon the plaintiff rests." Then follows the certificate pasted to the record page and bearing indorsement on its back, "King of Trails Garage, Inc., C. J. Boltze, Pres."

Since indorsement was denied in the answer, it was necessary to *prima facie* proof of plaintiff's case that it be shown in the evidence. *Shawnee State Bank v. Lydick,* 109 Neb. 76; *Shawnee State Bank v. Vansyckle,* 109 Neb. 86; *Capitol Hill State Bank v. Rawlins Nat. Bank,* 24 Wyo. 423.

Yet no attempt was made to show that such indorsement was authorized, nor was it even offered in evidence.

It is true, as contended by the appellee, that in making its offer the term "instrument" was used. But the instrument identified was the certificate. "Ex. 1" appears on the face of the paper and the face is the certificate. The offer was an offer of the certificate alone.

Appellee concedes in its brief that a mere offer of the certificate would not have been an offer of the indorsement also, but contends that its offer of the instrument identified as "Ex. 1" was of broader scope and included the offer of the indorsement on the instrument's back. With this the court is not able to agree. *Certificate* and *instrument* must be considered as interchangeable terms in connection with an offer of this kind. Such is the plain and common inference from the words employed.

It is to be observed, too, that what the reporter identified as "Ex. 1" was the face of the paper, not the writing on its back. In order that an offer of an instrument of this character—note or certificate—may carry with it an offer of its indorsement, it is necessary that said offer specify the inclusion of the latter. *Shawnee State Bank v. Lydick,* 109 Neb. 76.

We entertain no doubt that the plaintiff's evidence was insufficient to establish its title to the said certificate.

Other assignments of error are based upon the exclusion of the depositions which were offered to prove the fraud. The plaintiff objected as incompetent, irrelevant, immaterial, without foundation, and because the defendant was estopped. The court ruled: "Overruled as to everything except question of estoppel, and sustained upon the objection of estoppel."

Shortly after the certificate of deposit had been issued, the defendant bank had received a telegram from the plaintiff asking if it would be honored, and had answered: "Certificate will be paid when due. Is guaranteed by state." The court evidently considered that the defendant was thereby concluded on the ground of estoppel.

For all the record shows, however, the plaintiff may have bought the certificate before the date of the telegram referred to. And though it might be surmised that the transfer followed such telegram and was in consequence thereof, the fact could not be taken for granted in the absence of proof. There is nothing in the evidence to show either that the plaintiff altered its position for the worse in consequence of the information so received by wire. There is nothing to show that the defendant was at that time advised of the fraud that had been practiced upon it, and nothing to show that the plaintiff did not itself have knowledge of such fraud. Each of these essentials is made the subject of particular assignment of error. To have the benefit of estoppel it was incumbent upon the plaintiff to show facts justifying the application of the same; and having in mind the paucity of plaintiff's proof, it is obvious that the court erred in its ruling. The following from *Union State Bank v. Hutton,* 62 Neb. 664, supports the conclusion arrived at: "On the question of estoppel the defendant had the burden of proof. It was required to show, among other things, that it altered its position—that it lost some advantage, incurred expense, paid out money, parted with property, assumed an obligation or did, or failed to do, some other act or thing by which it was prejudiced—in reliance upon plaintiff's conduct and in ignorance of his rights. *Burke v. Utah Nat. Bank,* 47 Neb. 247; *State v. Bank of Commerce,* 61 Neb. 22; *Lingonner v. Ambler,* 44 Neb. 316."

It is contended in the able brief of the appellee that defendant's plea of fraud was bad in form and insufficient in substance, and it must be conceded that defendant's pleading was far from perfect in these respects. But it is apparent that the plaintiff took the fraud as well pleaded. It made specific answer thereto, thus joining issue thereon. The following is from the plaintiff's reply: "Plaintiff denies that the land described in the mortgage * * * had no existence, or that said mortgaged premises were covered by the waters of the Missouri river, and denies that any

fraud or misrepresentation was practiced on the defendant as to the character and extent of said mortgaged premises to induce the defendant to issue said certificate for said note and mortgage, or that said note and mortgage were worthless, and denies that there was any want or failure of consideration for said certificate, in whole or in part; but, to the contrary, the plaintiff alleges that said certificate was issued for full value received." And, following this in said reply, the plaintiff pleads the facts in regard to the described telegram of inquiry, and alleges that estoppel resulted. Plainly, therefore, the plaintiff regarded the pleading of the petition to be a pleading of fraud, and so treated it. And when it is considered that the court's ruling was also upon this theory, it is plain that both the parties and the court proceeded in the case and throughout the trial upon the theory that fraud was an issue and that the same was well pleaded. Where the parties by their acts and proceedings upon trial of a cause adopt a common theory as to the issue joined, and where the case is determined by the court in accordance with that theory upon that issue, the appellant will not be heard to deny that such issue was raised by the pleadings.

For the reasons stated, the judgment of the district court must be reversed, and it is so ordered.

REVERSED.