PEOPLE *v.* BRADOVICH.

1. INDICTMENT AND INFORMATION—CONVICTION OF LESSER OFFENSE.
   Conviction may be had of lesser offense not charged in in-
   formation where it is necessarily included within greater
   offense that is charged.

2. SAME—CONVICTION OF ATTEMPT.
   If an information admits of conviction of an attempt to com-
   mit a felony, an accused may be found guilty of the attempt,
   although the evidence shows a completed offense.

3. LARCENY—STORES—CLOTHING.
   Defendants who had removed clothing of the value of $113
   from a rack in a store and concealed it beneath their own
   clothing, walked toward the front part of the sales room and
   deposited the clothing on a table had completed crime of
   larceny upon removing clothing from rack and concealing it
   beneath clothing they were wearing (Act No. 328, § 360, Pub.
   Acts 1931).

4. SAME—ASPORTATION OF CLOTHING.
   Removal of clothing from rack in store and concealing it under
   defendants' own clothing constituted asportation sufficient
   to support charge of larceny (Act No. 328, § 360, Pub. Acts
   1931).

5. SAME—CONVICTION OF ATTEMPT.

Defendants, charged with larceny in a store, who waived trial by jury, were not injured by adjudication of guilty of attempt to commit larceny where they were guilty of larceny consummated (Act No. 328, § 360, Pub. Acts 1931).

6. SAME—UNLOADING STOLEN PROPERTY.

Fact that defendants unloaded stolen clothing before leaving store from which they had stolen it did not free them from crime committed, such action merely indicating knowledge of inability to escape (Act No. 328, § 360, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Scallen (John P.), J.  Submitted April 30, 1943.  (Docket No. 94, Calendar No. 42,121.)  Decided May 18, 1943.

George Bradovich and Edward Fognini were convicted of an attempt to commit larceny.  Affirmed.

*Stuart D. Hubell* (*Harry C. Hanley,* of counsel), for appellants.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *George A. Beauchamp* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

WIEST, J.  An information in the recorder's court for the city of Detroit charged defendants with the crime of larceny in a store of three men's suits of the total value of $113.  The offense charged was laid under the criminal code, Act No. 328, chap. 52, § 360, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–360, Stat. Ann. § 28.592).  Defendants waived trial by jury and upon trial before the court were found guilty of an attempt to commit the crime mentioned.  On appeal defendants claim error be-

cause the information did not charge an attempt to commit, but only larceny consummated.

The evidence disclosed that defendants were in the store of the Bond Clothing Company, located at 1000 Woodward avenue in the city of Detroit, and were observed, by a salesman, taking clothing from a rack and concealing it beneath their own clothing. The salesman notified the manager who posted men at the exits from the room on the second floor where defendants took the clothing, stopped the elevator, and notified the police, who arrived within five or six minutes; and then the manager and the police went to the second floor in the elevator and there saw defendants walking toward a table in the front part of the room where defendants removed the stolen property from beneath their clothing and laid the same on the table. Under the evidence defendants were clearly guilty of larceny, and the question is whether they could be convicted of the lesser offense of attempt to commit that crime without a count to such effect in the information. There is no merit in the point.

We held in *People* v. *Rose,* 268 Mich. 529 (syllabus), that:

"Conviction may be had of lesser offense not charged in information where it is necessarily included within greater offense that is charged."

In *People* v. *Baxter,* 245 Mich. 229, 232, we said:

"Defendant invokes the rule, operative in some jurisdictions by judicial holdings, and in others by statute, that there can be no conviction of an attempt to commit a felony if the evidence establishes consummation of the felony. This is the rule in Illinois. *People* v. *Lardner,* 300 Ill. 264 (133 N. E. 375, 19 A. L. R. 721). But the rule is not general, and does not prevail in this jurisdiction. If an in-

formation admits of conviction of an attempt to commit a felony, an accused may be found guilty of the attempt, though the evidence shows a completed offense. *People* v. *Miller,* 96 Mich. 119; *People* v. *Blanchard,* 136 Mich. 146. Such a verdict may be illogical, but the people cannot complain, and the defendant must accept it, even though less in measure than his just deserts; at least he cannot be heard to say that he has suffered injury.

"In *People* v. *Hoover,* 243 Mich. 534, defendant was convicted of an assault, and it was urged 'that, under the proofs, defendant was either guilty of taking indecent liberties (the charge) or not guilty of any offense.' We made answer: 'This argument has been made before, but not with success;' citing *People* v. *Martin,* 208 Mich. 109; *People* v. *Garner,* 211 Mich. 44."

The offense here charged necessarily included an attempt to commit the crime of larceny in a store, and whether followed by consummation of that purpose or not did not require that it be in a separate count in the information.

The trial judge was evidently of the opinion that, inasmuch as the defendants had shed their plunder without leaving the store, they had thus purged the taking thereof and gave defendants the benefit of a doubt created thereby. If so, in point of law the judge was mistaken. The crime of larceny was completed when defendants removed the clothing from the rack and concealed it beneath the clothing they were wearing.

Defendants claim there was no asportation from the store of the clothing so concealed. Removal of the clothing from the rack and concealing it under their own clothing constituted asportation. See note 19 A. L. R. 724.

As said before, defendants were guilty of larceny and were not injured in any respect by the adjudica-

tion of the court that they were guilty of an attempt to commit the crime of larceny. Defendants did not testify.

It is urged that they discarded the plunder of their own free will. What they did indicated knowledge of inability to escape and, therefore, they unloaded what they had stolen, evidently having the childish opinion that they could thus free themselves from the crime they had committed.

The convictions are affirmed.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.