## PEOPLE v PATRICIA WILLIAMS

1. LARCENY—LARCENY IN A BUILDING—REMOVAL—ELEMENT OF CRIME —ABANDONMENT OF ATTEMPT—STATUTES.

   Removal of property is not an element of the crime of larceny in a building; case precedent holds that this crime is complete as soon as there is the slightest taking of property with the intent to steal it, and abandonment of the attempt to remove goods from a store is no defense (MCLA 750.360).

2. INDICTMENT AND INFORMATION—LARCENY IN A BUILDING—COMMON NAME OF CRIME.

   An information charging a defendant with "larceny from a building" is sufficient to support a prosecution for larceny in a building despite the imprecise name given the crime charged where the information contained a recital of the common name of the crime charged, a correct citation of the statutory section creating that crime, and a brief recitation of facts sufficient to support the charge.

3. CRIMINAL LAW—EVIDENCE—RIGHT TO REMAIN SILENT—SELF-INCRIMINATION—ARREST.

   Introduction of testimony by the prosecutor regarding a defendant's exercise of the right to remain silent at arrest is not proper; the introduction of such testimony infringes on the privilege against self-incrimination.

4. WITNESSES—CRIMINAL LAW—IMPEACHMENT—PRIOR ARRESTS.

   The prosecution may not impeach a defense witness on the basis of prior arrests.

5. CRIMINAL LAW—APPEAL AND ERROR—REVERSIBLE ERROR—SOUND JUDICIAL PROCESS.

   Errors in a criminal trial which are unduly offensive to the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 50 Am Jur 2d, Larceny § 49.
[3] 29 Am Jur 2d, Evidence § 638 *et seq.*
[4] 58 Am Jur, Witnesses § 754.
[5] 5 Am Jur 2d, Appeal and Error § 955.

maintenance of a sound judicial process require reversal of a conviction.

Appeal from Macomb, George R. Deneweth, J. Submitted February 12, 1975, at Lansing. (Docket No. 19167.) Decided August 25, 1975.

Patricia A. Williams was convicted of larceny in a building. Defendant appeals. Reversed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *George N. Parris*, Prosecuting Attorney, *Don L. Milbourn*, Chief Appellate Lawyer, and *Stephen F. Osinski*, Assistant Prosecuting Attorney, for the people.

*Nick Dottermann*, for defendant.

Before: LESINSKI, C. J., and R. B. BURNS and M. J. KELLY, JJ.

LESINSKI, C. J. The defendant, Patricia Ann Williams, was found guilty in a jury trial of the felony of larceny in a building, MCLA 750.360; MSA 28.592. The trial judge sentenced her to a term of two to four years in prison. She appeals as of right.

The information against the defendant charged her with "larceny from a building" and alleged that she had taken a wig, some cigarettes, a white purse, and a notebook from a discount department store in St. Clair Shores. Two employees of the store testified for the prosecution at trial that on the day in question they observed the defendant shopping in the store. The defendant drew their attention because of suspicious bulges beneath her coat. As they watched, the defendant reached under her coat and removed a ledger notebook and laid it on a counter. She then moved down the

aisle a short distance and took a wig and a carton of cigarettes from the other side of her coat and placed them behind a display of filing cabinets. As the defendant approached a check-out lane, the store employees apprehended her and discovered a second notebook in her pocket and a small white purse concealed within her own purse. Each of the articles of merchandise in defendant's possession was marked with a complete price tag indicating that it had not been paid for.

The defense presented three witnesses who had been shopping with defendant before her arrest. They each testified that the defendant had been concealing the merchandise but had become afraid and had discarded it. The purpose of this testimony was apparently to show that although the defendant had intended to steal some merchandise, she abandoned that intent and did not complete the crime by taking the goods from the store. Defense counsel emphasized this point in his summation when he stated:

"As far as Miss Williams intending to take something from the store, she did. No question about that. But, she is charged with removing, with taking it."

## I

In defendant's first allegation of error, defense counsel argues that an element of the crime charged in the information was the actual removal of property *from* a building. This argument arises from the common practice of referring to the crime created by MCLA 750.360; MSA 28.592, as "larceny from a building". This misnomer itself derives from the title which the compilers of the Michigan Statutes Annotated have given to the

cited statute. In that compilation, the statutory title contains the preposition "from," wrongly implying to the unwary that to constitute a crime, goods must be taken out of a building.

In fact, of course, removal is not an element of the crime. The test of the statute itself proscribes "larceny *in* a building" in the following terms:

"Any person who shall commit the crime of larceny by stealing in any * * * store * * * or any building used by the public shall be guilty of a felony." MCLA 750.360; MSA 28.592.

Our Supreme Court has long held that this crime is complete as soon as there is the slightest taking of property with the intent to steal it. *People v Bradovich,* 305 Mich 329; 9 NW2d 560 (1943). In this case the defendant committed the crime of larceny in a building as soon as she took merchandise with the intent to steal it, and abandonment of the attempt to remove the goods from the store was no defense to conviction of the crime.

Defendant's argument on appeal is not that the prosecution failed to prove that she removed goods from the store, however. Rather, she claims that the information charging her with larceny *from* a building misled her into believing that removal of goods was an element of the crime, and that her defense was prejudiced as a result. The information contained a recital of the common name of the crime charged, a correct citation of the statutory section creating that crime, and a brief recitation of facts sufficient to support the charge. The short answer to defendant's argument is that these recitals gave notice of the nature of the charges adequate to enable defendant to prepare a defense, to permit the court to pronounce judgment, and to bar a subsequent prosecution for the same offense.

*People v Adáms,* 389 Mich 222; 205 NW2d 415 (1973). Despite the somewhat imprecise name given the crime charged, therefore, the information taken as a whole was sufficient to support a prosecution.

Under other circumstances than those present here, defendant's contention would also deserve a long answer, for her defense was in fact prejudiced by her attorney's belief that removal of property from a building was an element of the crime. Acting on that belief, the attorney conceded the existence of a crucial element of the crime, defendant's intent to steal the goods. Fortunately, our disposition of two other issues raised by defendant spares us the difficult task of determining whether any remedy might be available to defendant to correct the resulting prejudice and upon what grounds such a remedy might be provided. Here we wish only to suggest that in the future prosecutors charge the crime created by MCLA 750.360; MSA 28.592, as "larceny *in* a building" to avoid any possible confusion. Furthermore, we suggest that the publishers of the Michigan Statutes Annotated correct the potentially misleading title of that statute in the next supplement to their compilation.

## II

Defendant complains of two additional errors in the conduct of her trial which we will treat together. First she points to portions of trial testimony in which the prosecution showed that she had exercised her privilege against self-incrimination at the time of her arrest. The arresting officer did testify in detail that he advised the defendant of her rights and that she had no statement to make. Second, defendant objects to the prosecu-

tion's impeachment of a defense witness by some prior arrests which did not result in convictions. When the witness denied any such arrests, the court allowed the prosecutor to introduce extrinsic evidence of the arrest. During closing argument, the prosecutor reminded the jury of the witness' prior arrest record. Finally, the trial court instructed the jury that they were at liberty to consider the arrest record in evaluating the witness' credibility. For the reasons which follow, we find that these facts require reversal of defendant's conviction.

Defendant is correct in asserting that it was error for the prosecution to introduce testimony regarding her exercise of the right to remain silent at arrest. We have long held that the introduction of such testimony infringes on the privilege against self-incrimination. *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), *People v Bigge,* 288 Mich 417; 285 NW 5 (1939), *People v Jablonski,* 38 Mich App 33; 195 NW2d 777 (1972). It is equally clear that the prosecution committed error by impeaching a defense witness on the basis of prior arrests. *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), *People v James,* 36 Mich App 550; 194 NW2d 57 (1971).

The plaintiff now concedes the error of the testimony and cross-examination to which defendant objects. Plaintiff would have us hold, however, that the errors were harmless because of overwhelming evidence against defendant. We decline to reach the question of whether there was sufficient evidence to render these errors "harmless beyond a reasonable doubt", for they fail under the inquiry which must precede that question. This initial inquiry is whether these errors were unduly "offensive to the maintenance of a sound

judicial process". *People v Mobley,* 390 Mich 57, 65; 210 NW2d 327, 332 (1973), *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), *People v Wichman,* 15 Mich App 110; 166 NW2d 298 (1968). We find under the circumstances of this case that they were.

Reversed and remanded.