PEOPLE v WALKER

Docket No. 83996. Submitted September 10, 1985, at Grand Rapids.—
    Decided October 8, 1985. Leave to appeal denied, 424 Mich 888.
    Defendant, Richard B. Walker, was convicted, on his plea of
    guilty, of larceny in a building, Berrien Circuit Court, Zoe S.
    Burkholz, J., for having shoplifted a bottle of hot sauce and a
    package of "Budding Beef", valued at less than $3. He was
    sentenced to from one to four years in prison. Defendant
    appealed, alleging that his sentence constituted cruel and unu-
    sual punishment. *Held:*

    1. The Eighth Amendment prohibition against cruel and
    unusual punishments requires proportionality in sentencing.
    Defendant's sentence does not contravene the Eighth Amend-
    ment.

    2. The Michigan Constitution prohibits cruel or unusual
    punishment and violation is determined by a three-pronged
    analysis. The first focuses upon proportionality. The second
    considers the evolving standards of decency. The third consid-
    ers the prospect for rehabilitation. Sentence review under the
    Michigan Constitution's prohibition against cruel or unusual
    punishment is possible on a case by case basis and the statute
    need not be struck down where, in a given case, a more lenient
    sentence is indicated. Defendant's sentence does not contravene
    the Michigan Constitution's prohibition against cruel or unu-
    sual punishment.

    Affirmed.

    ALLEN, P.J., concurred in result only.

1. LARCENY — LARCENY IN A BUILDING — SHOPLIFTING — CRUEL AND
    UNUSUAL PUNISHMENT.
    The charging of shoplifters with larceny in a building with its

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] Am Jur 2d, Criminal Law §§ 625-631.
    Am Jur 2d, Larceny §§ 50, 179.
    Length of sentence as violation of constitutional provision prohibit-
        ing cruel and unusual punishment. 33 ALR3d 335. And see the
        annotations in the ALR3d/4th Quick Index under Shoplifting.
[2] Am Jur 2d, Criminal Law §§ 625-631.
    See the annotations in the ALR3d/4th Quick Index under Cruel
        and Unusual Punishment.

maximum sentence of four years' imprisonment does not contravene the Eighth Amendment prohibition against cruel and unusual punishments (US Const, Am VIII).

2. Criminal Law — Cruel and Unusual Punishment — Constitutional Law.

   The Michigan Constitution prohibits cruel or unusual punishment and violation is determined by a three-pronged analysis: the first focuses upon proportionality; the second considers the evolving standards of decency; the third considers the prospect for rehabilitation.

3. Larceny — Larceny in a Building — Shoplifting — Cruel and Unusual Punishment.

   A sentence of from one to four years' imprisonment for conviction of larceny in a building for an act which constitutes petty shoplifting does not contravene the prohibition in the Michigan Constitution against cruel or unusual punishment (Const 1963, art 1, § 16).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Brian S. Berger,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove),* for defendant on appeal.

Before: Allen, P.J., and R. B. Burns and MacKenzie, JJ.

Per Curiam. Defendant appeals his plea-based conviction for larceny in a building. MCL 750.360; MSA 28.592. This case arises from an incident occurring on October 6, 1984, at an Eagles Supermarket in the City of Benton Harbor. Defendant stole a bottle of hot sauce and a package of "Budding Beef" valued at approximately $1.20. Defendant was sentenced to serve from one to four years in prison.

Defendant appeals from his sentence, claiming that sentencing him for the four-year felony of

larceny in a building constitutes cruel and unusual punishment for petty shoplifting. We affirm.

In *People v Ford,* 417 Mich 66; 331 NW2d 878 (1982), the Supreme Court ruled that it was within the prosecutor's discretion to charge the felony of larceny in a building rather than the 90-day misdemeanor of larceny under $100, MCL 750.356; MSA 28.588. However, the Court specifically declined to consider whether so charging constituted cruel and unusual punishment. 417 Mich 105-106. Although a number of panels of our Court have considered this question in the past and have determined that the constitutional prohibitions against cruel and unusual punishments were not violated,[1] we revisit this question in light of the recent attention given by the Supreme Court on sentencing issues.[2]

US Const, Am VIII prohibits the infliction of "cruel and unusual punishments". This prohibition has been interpreted as requiring proportionality in sentencing. In *Weems v United States,* 217 US 349; 30 S Ct 544; 54 L Ed 793 (1910), the Court found unconstitutional a sentence of 15 years in prison at hard labor with wrist and ankle chains for falsifying two items on an official document. The requirement that the punishment fit the crime was again applied by the Supreme Court in *Coker v Georgia,* 433 US 584; 97 S Ct 2861; 53 L Ed 2d 982 (1977). The defendant in *Coker* was convicted of rape and sentenced to death. The Court found that the death sentence was "grossly disproportionate and excessive punishment for the crime of rape" and concluded that it was forbidden by the Eighth Amendment. 433 US 592.

[1] *People v Bohm,* 49 Mich App 244; 212 NW2d 61 (1973); *People v Bullock,* 48 Mich App 700; 211 NW2d 108 (1973); *People v Jackson,* 29 Mich App 654; 185 NW2d 608 (1971).

[2] *E.g., People v Coles,* 417 Mich 523; 339 NW2d 440 (1983); Michigan Sentencing Guidelines.

However, in the more recent case of *Rummel v Estelle,* 445 US 263; 100 S Ct 1133; 63 L Ed 2d 382 (1980), the Supreme Court let stand a parolable life sentence under a Texas habitual offender statute. In *Rummel,* the defendant, over the course of nine years, was convicted of three different crimes, all felonies under Texas law. The net proceeds of those three felonies was $229.11. Under Texas law, as a three-time felon, Rummel was sentenced to a mandatory life term. The Court concluded that the mandatory life sentence did not constitute cruel and unusual punishment under the Eighth Amendment.

Although the *Rummel* decision has come under criticism,[3] we find that it disposes of defendant's Eighth Amendment claim in the case at bar. In light of *Rummel,* we believe that it does not contravene the Eighth Amendment to charge shoplifters, even where the value of the merchandise is minor, with the four-year felony of larceny in a building.

However, defendant also challenges his sentence under the Michigan Constitution. Const 1963, art 1, § 16 prohibits the infliction of "cruel *or* unusual punishment". (Emphasis added.) In *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), our Supreme Court established a three-pronged analysis of cruel or unusual punishment issues.

The first prong of the analysis considers whether the punishment is proportionate to the crime. Defendant points to a number of crimes which carry maximum penalties of four years or less and which are allegedly more serious than the instant offense. However, we believe that defendant misjudges the social harm of the charged offense. We

---

[3] See, *e.g.,* Dressler, *Substantive Criminal Law Through the Looking Glass of Rummel v Estelle: Proportionality and Justice as Endangered Doctrines,* 34 SW L J 1063 (1981).

agree with Judge R. B. BURNS's statement in *People v Jackson,* 29 Mich App 654, 655; 185 NW2d 608 (1971):

> "The legislature has obviously decided that larceny in a building presents a social problem separate and apart from simple larceny and that all larcenies in a building, value being irrelevant, deserve felony status."

Given the social problem addressed by the larceny in a building statute, we cannot conclude that it is disproportionate to classify it as a four-year felony.

The next factor considered under the *Lorentzen* analysis is the evolving standards of decency. We find defendant's argument under this factor unpersuasive. Given that our Supreme Court recently found that the prosecutor has the discretion to charge the felony in shoplifting cases, that the Legislature has not moved to reclassify the offense, and that criminals are still being convicted by juries of this offense, we do not find it indecent that defendant, or other similarly situated defendants, are charged with the felony offense.

Finally, *Lorentzen* directs us to consider the prospects of rehabilitation under the sentence provided for by statute. In the case at bar, the sentencing judge noted that it may be necessary for defendant to be incarcerated beyond the one-year minimum in order to achieve rehabilitation. We believe that the four-year maximum under the larceny in a building statute not only does not frustrate the prospects of rehabilitation, it may even be necessary when trial courts are faced with career criminals.

Before concluding, we note that, unlike prior cruel or unusual punishment cases, we are able to review this case in light of the availability of sentence review under *People v Coles,* 417 Mich

523; 339 NW2d 440 (1983). There will be cases in which the maximum sentence under the statute would be inappropriate as well as cases in which it would be appropriate. However, there is no need to strike down the statute as unconstitutional in order to protect the rights of defendants in those cases where a more lenient sentence is indicated. Rather, we will review the sentences actually imposed in light of *Coles* and order resentencing where the sentence imposed constitutes an abuse of discretion. We, therefore, conclude that it does not violate Const 1963, art 1, § 16 to charge a petty shoplifter with the felony of larceny in a building.

Finally, we note that a *Coles* review is unnecessary here since defendant does not raise this issue in his brief. However, we do note that the sentence imposed is within the sentencing guidelines and that the sentencing judge articulated the reasons for the sentence on the record. Further, although the value of the merchandise involved was rather small, defendant has a number of misdemeanors and felonies on his record and was, in fact, serving time for a theft-related offense at the time of the current offense.

Affirmed.

ALLEN, P.J., concurred in result only.