**UNITED STATES of America, Plaintiff,**

v.

**Terry BUTLER, Defendant.**

**Crim. No. 91–80729–01.**

United States District Court, E.D. Michigan, S.D.

Dec. 18, 1991.

Patrick E. Corbett, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Rita Chastang Martin, Federal Defender Office, Detroit, Mich., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

WOODS, District Judge.

This matter having come before the Court upon the defendant's motion to dismiss the Indictment pursuant to Rule 12(b), Fed.R.Crim.P.; and

The Court having reviewed the pleadings submitted herein, and being otherwise fully informed in the matter; now, therefore,

IT IS HEREBY ORDERED that the defendant's motion be DENIED, the Court finding that defendant's 1984 conviction [1] can be used as a basis for charging him as a Felon in Possession under 18 U.S.C. § 922(g)(1).

The defendant in this case, Terry Butler, completed his state imposed sentence prior to May 6, 1991, the date on which he was allegedly in possession of a firearm in violation of § 922(g)(1). He maintains that his civil rights were restored on May 6, 1991; therefore, his prior conviction cannot be used as the necessary predicate offense to charge the crime of felon in possession of a firearm. Consequently, defendant moves this Court to dismiss the indictment on the ground that his prior state law conviction falls within the exception clause of 18 U.S.C. § 921(a)(20). The government maintains that the defendant's civil rights were not substantially restored and the exception clause does not apply to this defendant.

Section 922(g)(1) states in relevant part:

It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The statute defines conviction of a crime punishable by imprisonment for a term exceeding one year in accordance with the "law of the jurisdiction in which the proceedings were held," guiding this Court to use state substantive law. The statute continues as follows:

Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction, for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides

---

**1.** Terry Butler was convicted in the Wayne County Circuit Court of Criminal Sexual Conduct in the Third Degree in December of 1984.

that the person may not ship, transport, possess, or receive firearms.

Butler argues that the above-cited exclusion covers his conviction because his civil rights have been substantially restored under Michigan law. Accordingly, he is entitled to possess a firearm if he so chooses and the indictment against him must be dismissed.

Although the Sixth Circuit has not reviewed this exclusion in reference to Michigan law, it has issued directives which this Court is bound to follow in determining the outcome of this case. The Sixth Circuit has determined that this exclusion must be analyzed in light of "the whole of state law" of the state of conviction. *United States v. Cassidy*, 899 F.2d 543 (6th Cir. 1990). Specifically, the Sixth Circuit has interpreted section 921(a)(20) in two cases, *United States v. Cassidy*, 899 F.2d 543 (interpretation of the statute in reference to Ohio law) and *United States v. Breckenridge*, 899 F.2d 540 (6th Cir.) *cert. denied*, —— U.S. ——, 111 S.Ct. 119, 112 L.Ed.2d 88 (1990) (interpretation of the statute in reference to New Jersey law). The Sixth Circuit directs this Court to look to Michigan law to determine whether the "convicted felon" is entitled to vote, hold public office, and serve on a jury to assess whether his civil rights have been restored. *Breckenridge*, 899 F.2d at 542. The Sixth Circuit does not read the statutory language to require a full restoration of rights as the statute does not specify such a restoration. *Cassidy*, 899 F.2d at 549.

The State of Michigan has not statutorily or constitutionally defined when restoration of a convicted felon's rights occurs. The Ninth Circuit, in *United States v. Dahms*, 938 F.2d 131, 134 (1991), reviewed the whole of Michigan law in light of this exclusion and held that a convicted felon's rights are automatically restored upon completion of incarceration under Michigan law. Defendant urges this Court to adopt the *Dahms* decision; this Court declines to do so for the reasons stated below.

In turning to the first of the three areas of civil rights specified by the Sixth Circuit, the Court notes that Michigan law unequivocally restores the right to vote to felons upon their release from prison. Mich.Comp.Laws Ann. § 168.758b states as follows:

> A person who, in a court of this or another state or in a federal court, has been legally convicted and sentenced for a crime for which the penalty imposed is confinement in jail or prison shall not vote, offer to vote, attempt to vote, or be permitted to vote at an election while confined.

Under the statute, Michigan apparently restores the convicted felon his right to vote upon his release from prison. *See also* Mich. Const. of 1963, art. 2, § 2 [2]. No specialized procedure need be followed by the released felon in order to regain his right to vote as none exists.

A convicted felon's right to hold public office was also seen as restored by the *Dahms* court. M.C.L.A. § 4.416(2) defines a public official as "an official in the executive or legislative branch of state government." The government relies upon this definition to assert that public office extends beyond an elected position and includes any position held by a public official. Under the expansive interpretation, many public offices are closed to convicted felons. For example, a convicted felon cannot be a state trooper or conservation officer. The Court finds these examples unpersuasive in light of additional statutory definitions. The statute defines an "official in the executive branch" as "the governor, lieutenant governor, secretary of state, attorney general, member of any state board or commission, or an individual who is in the executive branch of state government and not under civil service." M.C.L.A. § 4.415(9). This definition eviscerates the government's argument that the Michigan Civil Service Commission's authority to dictate terms and conditions of employment for civil servants and its decision to disqualify felons from the public positions cit-

---

**2.** Mental Incompetence; imprisonment Sec. 2. The legislature may by law exclude persons from voting because of mental incompetence or commitment to a jail or penal institution.

ed above supports a finding that this right has not been restored.[3]

The government also argues that a convicted felon's right to hold an elected public office is likewise circumscribed by state law. An elected city official convicted of a felony after his election or appointment must be removed from office and cannot be elected or appointed for a period of three years from the date of such removal. M.C.L.A. § 168.327. The same holds for a township official, M.C.L.A. § 168.369, and county officers, auditors and road commissioners. M.C.L.A. §§ 168.207, 168.238, 168.268.

This Court finds that a felon's right to hold public office is minimally impaired; it is for the most part restored. That is all that is necessary to fall within the exclusion provision.

The final right to be addressed is the right of a convicted felon to serve on a jury. M.C.L.A. § 600.1307a(1)(e) specifies that "to qualify as a juror a person shall not be "under sentence for a felony at the time of jury selection." The *Dahms* court concluded that this provision did not bar a convicted felon from serving as a juror once he had completed his sentence. This section is not the only guidance offered to the courts on this issue. Michigan Court Rule 2.511(D)(2) subjects all convicted felons to an automatic challenge for cause.[4] The procedure for exercising a challenge for cause is outlined in M.C.R. 6.412(D)(2):

If, after the examination of any juror, the court finds that a ground for challenging a juror for cause is present, the court on its own initiative should, or on motion of either party must, excuse the juror from the panel.

This Court finds that after an examination of the whole of Michigan law with regard to jury duty, it must conclude that a convicted felon's right to sit on a jury is not fully or even substantially restored. The Michigan appellate courts have interpreted this provision and concluded that if a challenged juror is properly within the ambit of any of the enumerated grounds, a court is required to excuse the juror. The trial court lacks discretion because such a showing is the equivalent to a showing of bias or prejudice at common law. *People v. Lamar*, 153 Mich.App. 127, 135, 395 N.W.2d 262 (1986); *Brownell v. Brown*, 114 Mich.App. 760, 767, 319 N.W.2d 664 (1982); *McNabb v. Green Real Estate Co.*, 62 Mich.App. 500, 505, 233 N.W.2d 811 (1975). This Court finds the state Supreme Court would adopt the same position.

■ Unlike some of the enumerated grounds listed in M.C.R. 6.412(D)(2), the convicted felon provision leaves no room for differing interpretation. A person either has been convicted of a felony or he has not. Once it is established that he has, the Michigan courts may not permit him to sit on a jury. The *Dahms* analysis failed to consider Michigan caselaw; such a re-

---

**3.** *See* Mich. Const. of 1963, art. 11, sec. 5.

**4.** M.C.R. 2.511 provides, in relevant part:
(d) Challenges for Cause. The parties may challenge jurors for cause, and the court shall rule on each challenge. A juror challenged for cause may be directed to answer questions pertinent to the inquiry. It is grounds for a challenge for cause that the person:
(1) is not qualified to be a juror;
(2) has been convicted of a felony;
(3) is biased for or against a party or attorney;
(4) shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be;
(5) has opinions or conscientious scruples that would improperly influence the person's verdict;
(6) has been subpoenaed s a witness in the action;

(7) has already sat on a trial of the same issue;
(8) has served as a grand or petit juror in a criminal case based on the same transaction;
(9) is related within the ninth degree (civil law) of consanguinity or affinity to one of the parties or attorneys;
(10) is the guardian, conservator, ward, landlord, tenant, employer, employee, partner, or client of a party or attorney;
(11) is or has been a party adverse to the challenging party or attorney in a civil action, or has complained of or has been accused by that party in a criminal prosecution;
(12) has a financial interest other than that of a taxpayer in the outcome of the action;
(13) is interested in a question like the issue to be tried. Exemption form jury service is the privilege of the person exempt, not a ground for challenge.

view interprets the obligatory and mandatory language in M.C.R. 6.412(D)(2) in a manner at odds with the interpretation suggested by the defendant or the conclusion drawn by the court in *United States v. Gilliam*, 778 F.Supp. 935 (E.D.Mich.1991) (unpublished opinion). For this reason, this Court finds that the defendant's civil rights have not been restored and the single-count indictment in this case charging defendant with unlawful possession of a Smith and Wesson, .38 caliber revolver shall not be dismissed.

So ordered.