PEOPLE v LEGRONE

Docket No. 155256. Submitted March 2, 1994, at Detroit. Decided May 2, 1994, at 10:00 A.M. Leave to appeal sought.

James Legrone was convicted by a jury in the Recorder's Court for the City of Detroit, A. George Best, II, J., of first-degree murder, armed robbery, and possession of a firearm during the commission of a felony. He was sentenced to life imprisonment for the murder conviction, a concurrent term of twenty-five to forty years for the armed robbery conviction, and a consecutive term of two years for the felony-firearm conviction. During voir dire, the prosecutor challenged for cause a prospective juror who had been convicted of a felony. The court allowed the juror to remain on the jury. The defendant, who used only five of his twelve peremptory challenges, did not object to the composition of the jury, and indicated that he was very satisfied with the jury as empaneled after the trial court denied the prosecutor's challenge for cause, moved for a new trial on the basis that the court erred in allowing the juror to remain on the jury. The motion was denied. The defendant appealed.

The Court of Appeals held:

1. Even if the trial court erred in refusing to exclude the prospective juror because she had been convicted of a felony, reversal is not required. When the defendant expressed satisfaction with the jury with several peremptory challenges remaining, he waived the issue whether the juror should have been excused for cause. The defendant cannot be considered an aggrieved party because he did not move for disqualification of the prospective juror, was very satisfied with the panel finally selected, did not exhaust his peremptory challenges, did not demonstrate a desire to excuse any subsequently called juror, and did not show that any other juror was objectionable.

2. The defendant was not denied a fair trial as a result of the prosecutor's remarks during closing argument.

3. Improper hearsay testimony was not injected into the trial

REFERENCES

Am Jur 2d, Evidence § 373; Jury § 220.
See ALR Index under Challenges to Jury; Description and Identification; Hearsay.

when a police detective testified that two witnesses had picked the defendant out of a photographic showup.

Affirmed.

1. JURY — VOIR DIRE — CHALLENGES FOR CAUSE.

A trial court's improper denial of a challenge of a juror for cause results in error requiring reversal where the aggrieved party exhausted all peremptory challenges, the party demonstrated a desire to excuse another subsequently summoned juror, and the juror whom the party wished later to excuse was objectionable.

2. CRIMINAL LAW — IDENTIFICATION EVIDENCE — THIRD-PARTY TESTIMONY.

Third-party identification testimony by a police officer, including repetition of the statements of identification, is not hearsay, and the admission of such testimony is within the discretion of the trial court (MRE 801[d][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Nancy A. Neff,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank,* for the defendant on appeal.

Before: REILLY, P.J., and GRIFFIN and C. L. BOSMAN,* JJ.

REILLY, P.J. Defendant appeals as of right his jury conviction of murder in the first degree, felony murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to mandatory life imprisonment without parole for the murder conviction, a concurrent term of twenty-five to forty years for the armed robbery conviction, and a consecutive term of two years for the felony-firearm conviction. We affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant contends that the trial court erred in refusing to grant his motion for a new trial when a juror, who had been convicted of a felony, was permitted to remain on the jury after she had been challenged for cause by the prosecutor. A trial court's decision on a motion for a new trial is reviewed for an abuse of discretion. *People v Langley,* 187 Mich App 147, 151; 466 NW2d 724 (1991).

The challenged juror had been convicted seventeen years earlier of selling cocaine. Following a guilty plea, she was sentenced to five years of probation. In response to questions by the judge, the juror stated that she could be fair and impartial even though much of the evidence would be provided by police officers and might involve testimony regarding dealing in drugs. The judge then indicated that he was exercising his discretion and denied the challenge for cause.

The record shows that the defendant used only five of the twelve peremptory challenges available to him during jury voir dire. In addition, defendant did not object to the composition of the jury. Rather, defendant indicated that he was "very satisfied" with the jury as empaneled after the trial court denied the prosecutor's challenge for cause.

Defendant contends that the juror was not competent as a matter of law to sit on the jury and that the trial court had no discretion in the determination of the juror's competency. Defendant relies on MCR 2.511(D)(2) and MCR 6.412(D)(2) to support his position.

MCR 2.511(D)(2) provides that grounds for a challenge for cause exist where a prospective juror has been convicted of a felony.[1] MCR 6.412(D)(1), relating to criminal procedure, provides that a

---

[1] In contrast, MCL 600.1307a(1)(e); MSA 27A.1307(1)(1)(e) provides that in order to qualify as a juror, a person shall "[n]ot be under

prospective juror is subject to challenge for cause on any ground set forth in MCR 2.511(D) or for any other reason recognized by law. MCR 6.412(D)(2) sets forth the procedure to be followed:

> If, after the examination of any juror, the court finds that a ground for challenging a juror for cause is present, the court on its own initiative should, or on motion of either party must, excuse the juror from the panel.

Defendant also cites *People v Lamar,* 153 Mich App 127, 134-135; 395 NW2d 262 (1986), and *People v Badour,* 167 Mich App 186; 421 NW2d 624 (1988), rev'd on other grounds 434 Mich 691; 456 NW2d 391 (1990), to support his position that the trial court is without discretion to retain a convicted felon as a juror.

In *Lamar, supra,* this Court held that GCR 1963, 511.4, now MCR 2.511(D), requires a court to excuse a juror whenever a challenge for cause clearly falls within one of the grounds enunciated in GCR 1963, 511.4(4)-(13). In *Badour, supra,* as here, the defendant did not argue that she was denied an impartial jury. Rather, she asserted that reversal of her conviction was required because she was forced to use her final peremptory challenge to excuse a juror challenged under GCR 1963, 511.4(3) and (4). Neither case is applicable

sentence for a felony at the time of jury selection." It has been stated that the juror qualifications are matters of legislative control. *People v Barltz,* 212 Mich 580; 180 NW 423 (1920). Arguably, because § 1307a(1)(e) determines when a convicted felon's civil right to sit as a juror is restored, following a period of suspension during incarceration, the provision is substantive in nature, rather than procedural, and would take precedence over any court rules pertaining to the practice and procedure of selecting a jury. Because the issue has not been raised and argued in a brief, we take no position on it. See *United States v Gilliam,* 979 F2d 436 (CA 6, 1992), cert den — US —; 113 S Ct 1856; 123 L Ed 2d 478 (1993); *United States v Driscoll,* 970 F2d 1472 (CA 6, 1992), cert den — US —; 113 S Ct 1056; 122 L Ed 2d 362 (1993).

here, where the defendant's challenge is based upon MCR 2.511(D)(2) and defendant failed to exhaust all his peremptory challenges.

In *Poet v Traverse City Osteopathic Hosp,* 433 Mich 228; 445 NW2d 115 (1989), our Supreme Court arrived at the same conclusions reached in *Lamar* and *Badour.* In *Poet,* the Court considered whether the plaintiffs were entitled to a new trial after the trial court denied the plaintiffs' challenge of a juror for cause under MCR 2.511(D)(5). The plaintiffs used a peremptory challenge to excuse that person. After the plaintiffs had exhausted their peremptory challenges, the plaintiffs challenged another juror for cause under MCR 2.511(D)(10) and (12). The challenge was also denied. The Court determined that the first challenge for cause was denied improperly and that the denial resulted in the use of a peremptory challenge that otherwise would have been available to remove the last juror from the panel. The Court enunciated a four-pronged test to determine whether an error in refusing a challenge for cause merits reversal:

> [W]e hold that in order for a party to seek relief in this instance, there must be some clear and independent showing on the record that: (1) the court improperly denied a challenge for cause, (2) the aggrieved party exhausted all peremptory challenges, (3) the party demonstrated the desire to excuse another subsequently summoned juror, and (4) the juror whom the party wished later to excuse was objectionable. [*Poet, supra* at 241.]

The Court also ruled that when counsel demonstrates that a prospective juror fits one of the categories enumerated in MCR 2.511(D)(4)-(13), a trial court is required to excuse such juror for cause because "[t]his showing is equivalent to

proving a biased or prejudicial state of mind." However, "[u]ltimately . . . the decision to grant or deny a challenge for cause is within the sound discretion of the trial court." *Poet, supra* at 236.

In the case before us, even if we were to concede that the trial court erred in refusing to excuse the prospective juror because she had been convicted of a felony, reversal is not required. Defendant did not move for disqualification of the prospective juror, was "very satisfied" with the panel finally selected, and, therefore, cannot be considered the "aggrieved" party. Moreover, defendant did not exhaust all his peremptory challenges, did not demonstrate a desire to excuse any subsequently called juror, and did not show that any other juror was objectionable. Applying the *Poet* test to the facts presented here, defendant has failed to show that reversal is required.

Although the *Poet* case involved a civil matter, we believe the principles announced in that case are appropriately applied in criminal cases as well. *Badour, supra* at 190. When the defendant expressed satisfaction with the jury with several peremptory challenges remaining, he waived the issue whether a juror should have been excused for cause. *People v Daniels,* 192 Mich App 658, 666-667; 482 NW2d 176 (1992). Consequently, we conclude that reversal is not required because a convicted felon was permitted to sit as a juror.

We also reject defendant's contention that he is entitled to a new trial because of the prosecutor's closing argument. Questions of misconduct by the prosecutor are decided case by case. *People v Mack,* 190 Mich App 7, 19; 475 NW2d 830 (1991). On review, this Court examines the pertinent portion of the record and evaluates the prosecutor's remarks in context in order to determine whether the defendant was denied a fair and

impartial trial. *Id.* See also, e.g., *People v Saunders,* 189 Mich App 494, 496; 473 NW2d 755 (1991).

We recognize that the prosecutor's remarks were strong, and that the trial court refused to give a curative instruction to avoid emphasizing the remarks. However, we cannot say that the remarks were unwarranted or that because of them defendant was denied a fair trial. *People v Guenther,* 188 Mich App 174, 181; 469 NW2d 59 (1991).

Finally, defendant contends that when a police detective testified that two witnesses had picked defendant out of a photographic showup, classic hearsay was injected improperly into the trial. We disagree. Third-party identification testimony by a police officer, including repetition of the statements of identification, is not hearsay, and the admission of such testimony is within the discretion of the trial court. MRE 801(d)(1); *People v Newcomb,* 190 Mich App 424, 430; 476 NW2d 749 (1991). The trial court did not abuse its discretion in refusing to grant a new trial on this basis.

Affirmed.