NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0487n.06

No. 13-1053

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jul 07, 2014

DEBORAH S. HUNT, Clerk

JAMES LEGRONE,                          )
                                        )
        Petitioner-Appellant,           )
                                        )
v.                                      )     ON APPEAL FROM THE UNITED
                                        )     STATES DISTRICT COURT FOR THE
                                        )     EASTERN DISTRICT OF MICHIGAN
THOMAS BIRKETT,                         )
                                        )
        Respondent-Appellee.            )

_____

BEFORE:  BOGGS and MOORE, Circuit Judges; and BARRETT, District Judge.[*]

BOGGS, Circuit Judge:   James LeGrone, a state prisoner serving a mandatory life sentence without parole for first-degree murder, appeals the district court's denial of his petition for a writ of habeas corpus.  For the reasons set forth below, we affirm the district court's denial of LeGrone's petition.

I

In 1991, James LeGrone was charged with felony murder, armed robbery, and possession of a firearm during the commission of a felony.  He entered a not-guilty plea as to all counts and the case proceeded to a jury trial in 1992 at what was then the Recorder's Court for the City of Detroit.  The jury returned a guilty verdict on all counts and LeGrone was sentenced to life in prison without parole for the felony murder and to concurrent sentences of two and twenty-five years respectively for armed robbery and felony firearm.

_____

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

1

LeGrone appealed as of right to the Michigan Court of Appeals in 1994 and the Court of Appeals affirmed the Recorder's Court's judgment. *People v. Legrone*, 517 N.W.2d 270 (Mich. Ct. App. 1994). LeGrone's appeal centered on the Recorder's Court's alleged error in denying his motion for a new trial because a juror had not been dismissed following a challenge for cause by the prosecutor, despite having been convicted of selling cocaine 17 years earlier.[1] After thorough analysis, the Court of Appeals rejected LeGrone's argument against the juror's admission. It also rejected the two other arguments presented on appeal: first, that the tenor of the prosecution's closing remarks, combined with the court's subsequent refusal to include a curative jury instruction, denied LeGrone a fair trial and second, that police testimony regarding a photo line-up amounted to impermissible hearsay. In December, 1994, LeGrone's application for leave to appeal was denied by the Michigan Supreme Court, ending direct review of his conviction.

LeGrone then attempted to obtain post-conviction relief in 1997 by filing a motion for relief from judgment before the Recorder's Court. The motion was denied. Similarly denied were his applications, both in 2000, for leave to appeal the trial court's decision to the Michigan Court of Appeals and to the Michigan Supreme Court. Later, LeGrone submitted two further motions for relief from judgment to the trial court in 2006 and 2007. These were both rejected, as were the succeeding applications for leave to appeal before the Court of Appeals and the Michigan Supreme Court.

In 2001, LeGrone filed a petition for a writ of habeas corpus in the Eastern District of Michigan, which the court denied as untimely under AEDPA. *Legrone v. Jones*, No. 01-71667

---

[1]LeGrone himself does not appear to have joined in the prosecutor's challenge despite having seven preemptory challenges remaining at the end of voir dire. In fact, he described himself as "very satisfied" with the composition of the jury.

(E.D. Mich. Jan. 11, 2002). A certificate of appealbility was then denied by this court. *LeGrone v. Jones*, No. 01-2707 (6th Cir. Sept. 13, 2002).

LeGrone initiated the current proceedings in 2009 by filing a motion for an order authorizing a second or successive petition, in which he claimed that newly-available evidence proved his innocence. This court granted his motion, *In re: James LeGrone*, No. 09-2108 (6th Cir. Apr. 2, 2010), and LeGrone filed his § 2254 petition in the United States District Court for the Eastern District of Michigan in May 2010. In his petition, LeGrone advanced four arguments: that the Michigan trial court should have granted his motion for relief from judgment, that newly discovered evidence demonstrated his actual innocence, that the prosecution coerced witnesses to withhold evidence at trial, and that the prosecution did not disclose exculpatory evidence. The State of Michigan argued that LeGrone's petition should be denied as barred by the statute of limitations or, alternatively, because all of its claims were either non-cognizable or procedurally defaulted.

The district court denied LeGrone's petition. It found that his first claim, that the Michigan trial court should have granted his motion for relief from judgment, was an unreviewable matter of state law. It found that LeGrone's second claim, that of actual innocence, did not merit relief because it was based on affidavits that contained no new evidence—the affiants testified as to their intimidation at the original trial. Further, the district court pointed out that LeGrone's new evidence consisted only of affidavits, executed many years after the trial. They were submitted without explanation for the delay and were not subject to cross-examination. Such evidence is not, "new reliable evidence" proving that, "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence"— the threshold required for actual-innocence claims. *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th

3

Cir. 2005). Similarly, LeGrone's third claim, that he was denied confrontation by police intimidation was found to be without merit because both witnesses testified as to the police coercion that they experienced before the trial. Finally, the district court rejected LeGrone's *Brady* claim because the evidence that LeGrone claimed had been suppressed in fact came out at trial from a different source.

Finding that reasonable jurists could disagree as to its findings with regard to LeGrone's third and fourth claims (those regarding the denial of his right to confrontation and the alleged *Brady* violation), the district court granted a certificate of appealability (COA) as to those claims only. LeGrone timely appealed the district court's denial of his petition and then immediately applied to this court for, and was granted, a COA for the two issues that the district court did not certify for appeal. The current appeal advances arguments from both the original and the expanded COAs.

II

We review the district court's rulings on both questions of law and mixed questions of law and fact de novo and review the district court's finding of fact for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). Because LeGrone filed this petition for habeas corpus after the effective date of the Antiterrorism and Effective Death Penalty act of 1996 (AEDPA), its standards govern his petition and his appeal. *Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997). Federal courts may not grant a writ of habeas corpus on claims adjudicated on the merits in state court unless the adjudication resulted in a decision that was: 1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or 2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). *See Franklin v. Bradshaw*, 695 F.3d 439, 446 (6th Cir. 2012).

4

The state court's factual findings, moreover, are accorded a presumption of accuracy, rebuttable only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

III

LeGrone advances two claims on appeal: The first claim, denial of due process, is based on police intimidation of two favorable witnesses, Javon Carter and Willie Pringle. LeGrone states two theories by which he hopes to demonstrate denial of due process. First, he argues that police intimidation denied him the testimony of Carter and Pringle and thus a direct violation of due process. Second, LeGrone argues that the intimidation of Carter and Pringle amounted to a *Brady* violation and thus denied him due process under that doctrine. (Appellant's Br. 10–11, 13.)

LeGrone's second argument on appeal is a free-standing actual-innocence claim based on the evidence contained in the affidavits of Javon Carter and Willie Pringle. (Appellant's Br. 16.) The district court correctly rejected both claims.

A

The district court correctly rejected LeGrone's free-standing due-process claim based on witness intimidation by the police.

Witness intimidation, in and of itself, constitutes a violation of a defendant's due process rights only when, "[g]overnment conduct rises to the level of substantial interference with a witness's 'free and unhampered determination to testify.'" *Johnson v. Bell*, 525 F.3d 466, 480 (6th Cir. 2008). Far from interfering with the witnesses' "unhampered determination to testify," any attempts by the police to intimidate Carter and Pringle were quite obviously unsuccessful. Not only did both witnesses' testimony at trial contradict their earlier statements to the police, but both witnesses specifically testified that police intimidation induced those statements.

5

Further, the defense cross-examined both witnesses in order to discredit their earlier statements. The intimidation of these witnesses, if there was any, may have extended to their original statements, but it did not extend to their testimony at trial.

Similarly, LeGrone cannot make out a *Brady* claim based on the witnesses' intimidation. A successful *Brady* claim requires that evidence "favorable to the accused, either because it is exculpatory, or because it is impeaching . . . must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Cauthern v. Colson*, 736 F.3d 465, 481 (6th Cir. 2013).

On both counts, LeGrone's *Brady* claim fails. Although the district court found, correctly, that the evidence in Carter and Pringle's affidavits could have been used to impeach Hughes, the district court also found, correctly, that there was no evidence that the intimidation of Carter and Pringle actually suppressed any evidence. On the contrary, the very evidence that was allegedly suppressed was raised in open court when Hughes took the stand. When directly asked (by LeGrone's counsel) if she set up the robbery, Hughes answered, "I've never set anything up but a dining room table . . . ." Additionally, the district court correctly found that there was no prejudice because there was not, "a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *See United States v. Holder*, 657 F.3d 322, 329 (6th Cir. 2011). LeGrone's guilt was also established by two eyewitnesses both of whom identified LeGrone in a photographic array and at trial. More evidence advancing the theory that Hughes set up the robbery herself, material already subjected to courtroom inquiry while she was on the stand, would not have changed the result of the trial.

B

The district court also correctly rejected LeGrone's second claim on appeal, that of actual innocence. "[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation . . . .") *Herrera v. Collins*, 506 U.S. 390, 400. Any potential free-standing claim of actual innocence, stated in its own right absent a predicate constitutional violation, faces an "extraordinarily high" threshold showing. *See Id.* at 417 (stating, in the context of capital punishment, that free-standing actual-innocence claims based on stale evidence would create an enormous burden on state courts and jeopardize finality). As with the petitioner in *Herrera*, the evidence offered by LeGrone consisted of no more than affidavits executed a decade and a half after trial and was offered without adequate explanation as to the delay. This falls far short of *Herrera's* "extraordinarily high" threshold. *Ibid*.

IV

For the reasons stated above, we AFFIRM the district court's denial of LeGrone's petition for habeas corpus.