# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

JEFFREY RICHARD JONES,

          Defendant-Appellant.

UNPUBLISHED
April 2, 2015

No. 319238
Jackson Circuit Court
LC No. 13-004443-FH

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of third-degree fleeing and eluding, MCL 750.479a(3), resisting and obstructing an officer, MCL 750.81d(1), and driving while license suspended or revoked (DWLS), second offense, MCL 257.904(1), (3)(b). He was sentenced as a fourth habitual offender, MCL 769.12, to concurrent terms of 3 to 20 years in prison for fleeing and eluding, 3 to 15 years in prison for resisting and obstructing, and 177 days in jail for DWLS. We affirm.

## I. STATEMENT OF FACTS

While on patrol just after midnight, a Jackson County sheriff's deputy observed a 2000 silver Hyundai without a license plate light. The deputy attempted to pull over the vehicle, but the driver sped away. The deputy testified that she shined her spotlight into the Hyundai during her pursuit of the vehicle, and when the driver turned around she was able to get a good look at him. The deputy identified defendant as the driver. The vehicle eventually crashed into several trees and defendant fled into the woods.

## II. ANALYSIS

Defendant argues that he was deprived of his due-process right to a fair trial on the basis of two alleged errors and the cumulative effect of those errors. First, defendant argues that the trial court erred by refusing to grant his challenge for cause of a juror who stated that if she were innocent of a criminal charge, "I would want to tell everybody I'm innocent." Second, defendant argues that the prosecutor violated his Fifth Amendment right against self-incrimination when the prosecutor elicited the deputy's testimony that defendant had not given her a statement.

-1-

## A. DEFENDANT'S CHALLENGE FOR CAUSE

A trial court's decision to deny a challenge for cause of a prospective juror is reviewed for an abuse of discretion. *People v Thomas*, 86 Mich App 752, 761; 273 NW2d 548 (1978). An abuse of discretion occurs when the trial court "selects an outcome outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009).

"A prospective juror is subject to challenge for cause on any ground set forth in MCR 2.511(D)," MCR. 6.412(D)(1), including that the prospective juror:

> (2) is biased for or against a party or attorney;
>
> (3) shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be; [or]
>
> (4) has opinions or conscientious scruples that would improperly influence the person's verdict. [MCR 2.511(D).]

Although the decision is normally a matter within the trial court's discretion, "once a party shows that a prospective juror falls within the parameters of one of the grounds enumerated in MCR 2.511(D), the trial court is without discretion to retain the juror, who must be excused for cause." *People v Eccles*, 260 Mich App 379, 382-383; 677 NW2d 76 (2004). In order to prevail on appeal on the basis of an alleged error in the trial court's refusal to accept a challenge for cause, an aggrieved party must show that:

> (1) the court improperly denied a challenge for cause, (2) the aggrieved party exhausted all peremptory challenges, (3) the party demonstrated the desire to excuse another subsequently summoned juror, and (4) the juror whom the party wished later to excuse was objectionable. [*Poet v Traverse City Osteopathic Hosp*, 433 Mich 228, 241; 445 NW2d 115 (1989).]

See also *People v Legrone*, 205 Mich App 77, 82; 517 NW2d 270 (1994) (holding that the principles announced in *Poet* apply equally in criminal cases).

Defendant had the opportunity to exercise a peremptory challenge to excuse the juror but did not do so. In fact, not only did defendant fail to exercise a peremptory challenge, defense counsel expressly stated, "[W]e're satisfied with this jury" when asked if defendant had any further peremptory challenges. By expressing satisfaction with the jury with several peremptory challenges remaining, defendant "waived the issue whether a juror should have been excused for cause." *Legrone*, 205 Mich App at 82.

## B. DEFENDANT'S SILENCE

Defendant argues that his right not to be compelled to be a witness against himself was violated when the prosecutor asked the sheriff's deputy whether defendant said anything when she attempted to interview him. Because defendant did not raise a timely objection to the testimony now challenged on appeal, our review is for plain error affecting defendant's substantial rights. *People v Schumacher*, 276 Mich App 165, 177; 740 NW2d 534 (2007).

In order to have the protection of the privilege against self incrimination, a person " 'must claim it' at the time he relies on it." *Salinas v Texas*, 570 US ___; 133 S Ct 2174, 2179; 186 L Ed 2d 376 (2013).[1] The privilege is not claimed "by simply standing mute." *Id.* at 2178. The Court found two exceptions to this rule. *Id.* at 2179. The first is that "a criminal defendant need not take the stand and assert the privilege at his own trial." *Id.* at 2179. Second, a defendant is not required to invoke the privilege expressly in instances such as custodial interrogation "where governmental coercion makes his forfeiture of the privilege involuntary." *Id.* at 2180.

It is true that Michigan law does not allow for the introduction of evidence of tacit admissions by silence. *People v Hackett*, 460 Mich 202, 213-215; 596 NW2d 107 (1999). However, because the silence at issue in *Hackett* "did not occur in the face of an accusation," our Supreme Court concluded that "[t]here [was] simply no statement that defendant's silence can be construed as tacitly adopting." *Id.* at 215.

Defendant's right against self-incrimination was not violated. The record shows that the prosecutor merely asked the sheriff's deputy whether she attempted to interview defendant and if it was correct that defendant did not make a statement to her. The deputy's answers were nothing more than affirmative responses to these questions. Nothing in the record shows that defendant stood silent in the face of an accusation. Thus, his silence cannot be construed as a "tacit admission" of any allegation. Similarly, defendant's silence does not fit one of the two exceptions outlined in *Salinas*. Defendant was in his home at the time the sheriff's deputy attempted to interview him, and he was not subjected to custodial interrogation.

Additionally, the trial court did, at defendant's request, instruct the jury as follows: "Every defendant has the absolute right not to speak to the police. When you decide the case you must not consider the fact that he did not speak to the police. It must not affect your verdict in any way." There is nothing of record to suggest that the jury did not follow this instruction. See *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Accordingly, defendant has not shown plain error affecting his substantial rights.

---

[1] The citation is to the plurality opinion by Justice ALITO, in which Chief Justice ROBERTS and Justice KENNEDY joined. *Salinas*, 133 S Ct at 2177. The concurring opinion of Justice THOMAS, with whom Justice SCALIA joined, supports an even more restrictive interpretation of the Fifth Amendment. *Id.* at 2184-2185. Therefore, a majority of the Court concluded that the privilege against self-incrimination provides no greater protection than that stated in the plurality opinion.

## C. CUMULATIVE EFFECT

"[T]he cumulative effect of a number of minor errors may in some cases amount to error requiring reversal." *People v Cooper*, 236 Mich App 643, 660; 601 NW2d 409 (1999). In determining whether the cumulative effect of several errors requires reversal, " 'only actual errors are aggregated to determine their cumulative effect.' " *People v Rice*, 235 Mich App 429, 448; 597 NW2d 843 (1999) (citation omitted). Because there was no error with respect to either of the first two issues, there cannot be a cumulative error that requires reversal. *People v Mayhew*, 236 Mich App 112, 128; 600 NW2d 370 (1999).

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Jane M. Beckering