# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAMIEN NATHAN REID,

        Defendant-Appellant.

UNPUBLISHED
September 13, 2016

No. 324383
Ingham Circuit Court
LC No. 13-001230-FC

---

Before: TALBOT, C.J., and O'CONNELL and OWENS, JJ.

PER CURIAM.

        Defendant, Damien Nathan Reid, appeals as of right his convictions, following a jury trial, of assault with intent to commit murder, MCL 750.83, felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced Reid as a fourth-offense habitual offender, MCL 769.12, to serve concurrent terms of 324 to 475 months' imprisonment for his assault conviction and 60 to 100 months' imprisonment each for his felon-in-possession and carrying a concealed weapon convictions, and a consecutive term of two years' imprisonment for his felony-firearm conviction. We affirm Reid's convictions, but remand his sentence for further proceedings under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

## I. FACTUAL BACKGROUND

        Reid was involved in a shooting at a party store in Lansing. On the day of the shooting, Willard Payne, with whom Reid had an ongoing dispute, entered the party store as Reid was inside. Payne quickly left the store. Reid followed Payne into the parking lot and fired several shots in his direction. One of these shots struck the arm of Catherine Taylor, who was sitting inside her car in the parking lot. Various witnesses, including Reid's friend William Johnson, his cousin Dushawn Lee, and Officer John Lomakoski, identified Reid in the party store's surveillance footage.

        A jury found Reid guilty as previously described.

## II. IDENTIFICATION

-1-

Reid contends that he was denied a fair trial because some witnesses improperly invaded the province of the jury by opining that Reid was the person depicted in still photographs and surveillance video. We disagree.

Reid challenged Detective Hogan's testimony. We review for an abuse of discretion the trial court's decision to allow a witness to testify. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). However, Reid failed to object to the testimony of Johnson, Lee, and Officer Lomakoski. Accordingly, we will review these unpreserved challenges to the testimony of these witnesses for plain error affecting Reid's substantial rights. See *People v Dupree*, 486 Mich 693, 703; 788 NW2d 399 (2010); *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." MRE 602. A witness's opinion testimony regarding whether the defendant is the person depicted in video footage or still photographs is inadmissible when the witness is in no better position than the jury to make an identification from a video or photograph. *People v Fomby*, 300 Mich App 46, 52-53; 831 NW2d 887 (2013). In this case, Johnson and Lee both knew Reid personally—Johnson as a friend, and Lee as a cousin—and Officer Lomakoski testified that he was familiar with Reid because he regularly worked in Reid's neighborhood. These witnesses had personal knowledge of Reid's identity and were in a better position than the jury to opine whether the photographs depicted Reid. Accordingly, their testimony did not improperly invade the province of the jury.

Although Detective Hogan had no such prior knowledge of Reid, his improper testimony was harmless because it was cumulative to the properly admitted testimonies of Johnson, Lee, and Officer Lomakoski. "A preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). Because Detective Hogan's testimony was cumulative, we conclude that it was not outcome determinative in Reid's case.

## III. RIGHT TO AN IMPARTIAL JURY

Reid next contends that the seating of two jurors that expressed familiarity with some of the prosecution's witnesses deprived him of a right to a fair trial. We disagree.

A defendant has a constitutional right to a fair and impartial jury. *People v Bryant*, 491 Mich 575, 595; 822 NW2d 124 (2012). But to preserve an issue of jury selection for appeal, the party must either exhaust all peremptory challenges or refuse to express satisfaction with the jury. *People v Taylor*, 195 Mich App 57, 59-60; 489 NW2d 99 (1992). If the defendant did not do so, he or she has waived any error regarding whether the trial court should have excused a juror. *People v Legrone*, 205 Mich App 77, 82; 517 NW2d 270 (1994).

Juror 11 stated that he knew two police detectives through union activities. Juror 6 stated that she was an acquaintance of one of the police officers in college about 20 years before but

could remain impartial. Reid did not challenge either juror and expressed satisfaction with the jury as seated. Accordingly, we conclude that Reid has waived this issue.

Reid also briefly asserts that the trial court erred by allowing him to appear before the jury in "inappropriate" clothing. A defendant has the right to appear at trial without restraints or prison attire because such clothing may undermine his or her presumption of innocence. *People v Banks*, 249 Mich App 247, 256; 642 NW2d 351 (2002). However, Reid has failed to establish the factual predicate for his assertions on this issue. The trial court stated his clothing was "not inappropriate" but it could see why Reid might desire an "upgrade." There is no other indication regarding the clothing Reid wore to trial. Accordingly, we reject Reid's assertions.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Reid next provides a litany of assertions regarding the effectiveness of his trial counsel.

A criminal defendant has the fundamental right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. A defendant's ineffective assistance of counsel claim "is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). When reviewing an ineffective assistance of counsel claim, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law. *Id*. To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). A defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Pickens*, 446 Mich at 312.

Regarding Reid's more specific claims, we conclude that they lack merit. First, Reid contends that trial counsel provided ineffective assistance in failing to impeach Lee and Johnson with their criminal histories. The failure to cross-examine a witness constitutes ineffective assistance only if the failure deprives the defendant of a substantial defense. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). In this case, Lee and Johnson both testified that they were offering testimony in relation to plea agreements. Reid does not indicate what additional information trial counsel should have presented or how this information deprived him of a substantial defense. We conclude that Reid has not met his burden to establish ineffective assistance.

Second, Reid contends that counsel was ineffective for failing to assert a claim of self-defense. Defense counsel may be ineffective for failing to reasonably investigate a defendant's substantial defenses. See *Strickland*, 466 US at 691. However, "[t]he role of defense counsel is to choose the best defense for the defendant under the circumstances." *Pickens*, 446 Mich at 325. In this case, the surveillance video showed the victim entering the party store, notice Reid in the store, and abruptly leave. Reid followed the victim out of the store and fired shots at him. There is no indication that Reid fired his weapon at the retreating victim with an honest and reasonable belief that the use of deadly force was necessary. See MCL 780.972(1)(a); *People v*

*Orlewicz*, 293 Mich App 96, 102; 809 NW2d 194 (2011). Accordingly, trial counsel's decision not to pursue this defense was reasonable, and there is no indication that the decision prejudiced Reid.

Reid has failed to support the remainder of his claims of ineffective assistance. Generally, we presume that counsel afforded effective assistance. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). The burden is on a defendant to establish the factual support for his or her claims otherwise. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). In this case, Reid phrases his assertions in the form of a list of supposed deficiencies. Reid has failed to provide support or legal argument for his claims. We reject his general assertions of deficiency because he has failed to establish their factual predicates.

## V. SENTENCING

Finally, Reid contends that impermissible judicial fact-finding affected his sentence. We agree.[1]

We review de novo whether judicial fact-finding at sentencing violated a defendant's Sixth Amendment right to a jury trial. *People v Lockridge*, 498 Mich 358, 373; 870 NW2d 502 (2015). In *Lockridge*, 498 Mich at 364, our Supreme Court held that the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne v United States*, ___ US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient to the extent that they "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." To remedy this violation, "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error. *Id.* at 397.

The prosecution concedes that the trial court engaged in fact-finding when assessing Reid's sentencing variables, but contends that the error is harmless because the amount of fact-finding did not affect his sentencing range. Even if a defendant's guidelines range is not affected by judicial fact-finding, because a defendant's *Lockridge/Alleyne* claim is preserved and the guidelines were mandatory when the trial court sentenced the defendant, remand is appropriate to determine whether the error resulting from the trial court's compulsory use of the guidelines at sentencing was harmless. *People v Terrell*, 312 Mich App 450, 464; 879 NW2d 294 (2015). Accordingly, on remand, the trial court should determine whether it would have imposed a materially different sentence but for the unconstitutional constraint on its discretion. *Lockridge*, 498 Mich at 397. The trial court shall follow the procedure described in *Lockridge*.

---

[1] We note that Reid "has preserved his issue regarding judicial fact-finding in scoring offense variables of the sentencing guidelines for full appellate review by the case call panel by bringing the present motion." *People v Reid*, unpublished order of the Court of Appeals, entered May 18, 2016 (Docket No. 324383).

-4-

We affirm Reid's convictions, but remand his sentence for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Donald S. Owens